SAM SIRAKI, PLAINTIFF, v. MAX WEISSMAN AND JOSEPH RADWIN, JOINTLY OR IN THE ALTERNATIVE, DEFENDANTS.

Submitted May 15, 1926—Decided November 13, 1926.

Negligence—Motor Vehicle Accident—Injury to Pedestrian—Verdict For Plaintiff Unsatisfactory—Rule to Set it Aside Asked For—Held, That Though Reward was Small, the Jury Saw and Heard Plaintiff, and Court Does Not Seem Justified in Disturbing It.

On plaintiff's rule to show cause why his own verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Ranzenhofer & Ranzenhofer* (*Frederick S. Ranzenhofer,* of counsel).

For the defendants, *Weissman, Kalisch & Kalisch.*

PER CURIAM.

This is a suit for damages to plaintiff, and was brought against the two defendants jointly and in the alternative. The jury rendered a verdict in favor of the plaintiff and against both defendants in the sum of $1,500.

The plaintiff was dissatisfied with this verdict and obtained this rule to show cause why it should not be set aside. In effect, the main, and we believe the only, contention is that the verdict is inadequate.

The cars of the respective defendants collided at a street intersection in Passaic. The defendant Weissman's car came up on the sidewalk, where plaintiff was standing conversing with a friend, and hit and injured him.

The plaintiff's left knee cap was fractured. He was a weaver and earned, as the jury might have found, $35 a week. He was kept out of work for twenty-three weeks and he testified that he laid out $138 for medical attendance. He contends that $1,500 is insufficient.

We do not feel that we would be justified in disturbing the verdict. We think that the evidence justified the conclusion that the injury is not of a permanent character. It discloses that the plaintiff has resumed work and is earning, or was earning at the time of the trial, $30 a week. It is true that at the time of the trial he complained of some trouble in standing, and there was some evidence of swelling and of loss of flexion. But the jury saw the plaintiff and heard him testify, and while the verdict is small, we do not think it is so small as to justify us in disturbing it. That was the result reached in a somewhat similar case. *Corum* v. *Davis,* 3 *N. J. Mis. R.* 981.

The rule will be discharged.